

# BODENHEIMER, JONES & SZWAK
LLC

2014 JAN 10 AM 9:31

ATTORNEYS AT LAW

416 Travis Street, Suite 1404
Mid South Towers
Shreveport, Louisiana 71101
Telephone (318) 424-1400
Facsimile (318) 221-6555
bjks1507@aol.com

DAVID A. SZWAK*

*Chairman, Consumer Protection Section, LSBA

G.M. BODENHEIMER (1994)
J.W. JONES (2003)

Of Counsel
JAMES P. BODENHEIMER

www.MyFairCredit.com
www.MyFairDebt.com
www.MyFairAuto.com

January 9, 2014

Richland Parish Clerk of Court
**Attn: Debra – Civil Section**
P.O. Box 119
Rayville, LA 71269-0119

RE:    Emily Frances Fragala Ivy Wyant, et al v. Nationstar Mortgage, LLC, et al;

Dear Debra:

Please find enclosed the original and four copies of the Petition in the above referenced matter.  Please file it into the record and return to me a stamped filed copy **AND** the long arm citation in the self addressed stamped envelope enclosed for your convenience.  Also enclosed is a check in the amount of $350 to cover the filing fees.

Sincerely,

David A. Szwak

# 43801
DIVISION B

DAS:cdr

Enclosures



EXHIBIT
4

EMILY FRANCES FRAGALA IVY WYANT,        NUMBER: 43,801        DIV: B
JOHN FRAGALA, and INEZ TANNEHILL
FRAGALA

Versus                                                  5th JUDICIAL DISTRICT COURT

                                                        FILED BY:
NATIONSTAR MORTGAGE, LLC F/K/A
CENTEX HOME EQUITY COMPANY, LLC,                        JAN 1 0 2014
BANK OF AMERICA, N.A. A/K/A BAC HOME
LOANS SERVICING, LP, and SHAPIRO &                      Deboorah Morris
DAIGREPONT, LLC  F/K/A SHAPIRO &                        DEPUTY CLERK
MENTZ, LLC                                              RICHLAND PARISH, LOUISIANA
                                                        JURY DEMANDED

## P E T I T I O N

NOW INTO COURT, through undersigned counsel, come EMILY FRANCES

FRAGALA IVY WYANT, JOHN FRAGALA, and INEZ TANNEHILL FRAGALA, Plaintiffs

in the above entitled and captioned matter, who respectfully pray for Judgment of this Honorable

Court against defendants, NATIONSTAR MORTGAGE, LLC F/K/A CENTEX HOME

EQUITY COMPANY, LLC, BANK OF AMERICA, N.A. A/K/A BAC HOME LOANS

SERVICING, LP, and SHAPIRO & DAIGREPONT, LLC F/K/A SHAPIRO & MENTZ, LLC,

jointly, severally and in solido, to the maximum possible extent, for all damages, awards and

assessments, as set forth in the following Petition:

1.

Plaintiff EMILY FRANCES FRAGALA IVY WYANT is a major domiciliary of Baskin,

Franklin Parish, Louisiana.

2.

Plaintiffs INEZ TANNEHILL FRAGALA and JOHN FRAGALA are major domiciliaries

of Archibald, Richland Parish, Louisiana.

3.

Plaintiff EMILY FRANCES FRAGALA IVY WYANT is the daughter of co-plaintiffs,

INEZ TANNEHILL FRAGALA and JOHN FRAGALA, who are husband and wife in

community.

4.

Made Defendants herein are:

[a]     NATIONSTAR MORTGAGE, LLC F/K/A CENTEX HOME EQUITY

        COMPANY, LLC, [herein after also referred to as "NSTM"], a foreign limited

liability company, authorized to do and doing business in the State of Louisiana, and registered as a collection agency, having its domicile in Wilmington, Delaware, and its registered agent for service of process: Corporation Service Company, 320 Somerulos St., Baton Rouge, Louisiana; and

[b]   BANK OF AMERICA, N.A. A/K/A BAC HOME LOANS SERVICING, LP, [herein after also referred to as "BOFA"], which is a national banking entity, authorized to do and doing business in the State of Louisiana, and operating as a home loan mortgage lender with a mortgage servicing subsidiary and department, as identified, who may be served with process under the Louisiana Long-Arm statute through: BANK OF AMERICA, N.A. A/K/A BAC HOME LOANS SERVICING, LP c/o President/CEO or other officer or director, 101 Tryon Street, Charlotte, North Carolina 28255, and BANK OF AMERICA, N.A. A/K/A BAC HOME LOANS SERVICING, LP c/o President/CEO or other officer or director, 4500 Park Granada, Calabasas, California 91302.  Defendant's operations are believed to be based in Plano and Dallas, Texas, as it pertains to the matters described herein; and

[c]   SHAPIRO & DAIGREPONT, LLC F/K/A SHAPIRO & MENTZ, LLC, [herein after also referred to as "S&D"], a purported law firm and collection agency and limited liability company, no longer authorized to do but doing business in the State of Louisiana, having its alleged domicile in Metairie, Louisiana, and its registered agent for service of process: Penny Daigrepont, 3510 N. Causeway Blvd., #600, Metairie, Louisiana 70002.

5.

Plaintiffs respectfully assert that this Honorable Court has jurisdiction and venue is proper in this case as two plaintiffs are domiciled there, the mortgage contract was perfected there, breached there by defendants, many of the transactions, agreements and events took place in Richland Parish, Louisiana, the torts were committed in Richland Parish, Louisiana and also caused damages to plaintiffs in Richland Parish, Louisiana, the subject residential home and property are in Richland Parish, Louisiana, and the subject mortgage affects property in Richland Parish, Louisiana, and is recorded in Richland Parish, Louisiana.

6.

Plaintiffs request a trial by jury.

7.

Plaintiffs respectfully request that this Honorable Court instruct the jury, as the trier of facts, that in addition to actual, statutory, or compensatory damages, punitive or exemplary damages may be awarded against the Defendants.

8.

Plaintiffs respectfully request that this Honorable Court award plaintiffs their litigation expenses and other costs of litigation and reasonable attorneys' fees incurred in this litigation.

9.

Plaintiffs are consumers and had a residential, consumer loan and mortgage on a home located at 102 Lela St., Mangham, Richland Parish, Louisiana.

10.

Plaintiffs' first mortgage and indebtedness in connection with the acquisition of the residential, consumer loan and purchase of the home located at 102 Lela St., Mangham, Richland Parish, Louisiana, was with BOFA, a national consumer mortgage lender and servicer.

11.

Plaintiffs made their timely mortgage payments, pertaining to 102 Lela St., Mangham, Richland Parish, Louisiana, to BOFA.

12.

In mid-2013, plaintiffs sold their residential home located at 102 Lela St., Mangham, Richland Parish, Louisiana.

13.

A formal closing was had and Franklin State Bank issued a proper payoff check on May 30, 2013.

14.

On May 30, 2013, the closing attorney sent the Franklin State Bank payoff funds to BOFA, who held the plaintiffs' loan and mortgage.

15.

On June 2, 2013, BOFA had the funds in hand via overnight mail receipt from the closing

attorney.

16.

On or about June 2, 2013, BOFA accessed plaintiffs' consumer reports, as shown in the Inquiry Logs.

17.

On or about June 2, 2013, BOFA found the subject mortgage account reporting on the consumer reports in perfect standing and never delinquent, that plaintiffs had strong equity positions in the loan and property, and plaintiffs had exceptional credit as reported by the agencies.

18.

Unbeknownst to plaintiffs or the closing attorneys, BOFA had purportedly assigned plaintiffs' loan and mortgage to NSTM, an entity with whom BOFA had a close relationship and which BOFA assigns consumer loans and mortgages for collection activities and overly aggressive  and predatory mortgage servicing/debt collection activities.

19.

Some time after June 5, 2013, when plaintiffs ultimately learned that the payoff funds were never applied and the mortgage and loan were not cancelled, as they should have been, BOFA claimed that it received the overnight mail with the payoff funds and that BOFA sent the funds to NSTM.

20.

According to later admissions by BOFA and NSTM, NSTM got the referenced payoff funds on June 5, 2013.

21.

Despite receipt of the payoff funds, neither BOFA or NSTM applied the funds properly or canceled the related loan note and mortgage thereby leaving the mortgage and recorded claim of indebtedness in place and against plaintiffs.

22.

In addition to the foregoing violations and fault, BOFA and NSTM thereafter illegally force placed insurance on the subject residential property with a closely connected insurer to those defendants and applied insurance charges to the account.

23.

On or about July 16, 2013, plaintiffs began receiving collection letters and harassing collection phone calls from NSTM, claiming that plaintiffs owed monies to NSTM and that plaintiffs were indebted to NSTM and that plaintiffs were in delinquent status on the referenced mortgage.

24.

Further, NSTM assessed illegal and improper charges against the account and inflated the balance over the original payoff balance that was timely and properly tendered by plaintiffs through the closing process.

25.

The initiation of the collection contacts on July 16, 2013, was the first notice of any kind that plaintiffs had of any alleged delinquency, any failure by defendants to apply and account for the payoff funds, any failure to cancel the aforementioned and related loan note and mortgage, and involvement of NSTM.

26.

In the collection contacts that initiated on July 16, 2013, and followed thereafter for months and through this date, defendants claimed that plaintiffs failed to pay the June, 2013 and July, 2013 payments.

27.

Thereafter, defendants continued to fail to properly account and reconcile the mortgage loan account.

28.

In the two weeks period after July 16, plaintiffs called NSTM and BOFA in an effort to resolve the defendants' errors and obtain cancellation of the referenced loan note and mortgage, largely without success, however BOFA claimed that NSTM had the payoff funds and NSTM claimed that BOFA had the funds.

29.

On August 5, 2013, NSTM wrote plaintiffs directly and claimed it is a "servicer" of the loan on behalf of Government National Mortgage Association "the Creditor to whom the debt is owed..." and claimed that plaintiffs were in default on the note and mortgage, contentions which

were clearly false.

30.

On August 12 and 13, 2013, plaintiffs' attorneys, Cotton, Bolton, Hoychick and Doughty, LLP, faxed a copy of the payoff check and then wrote a detailed letter to NSTM, explaining that payoff funds were sent pursuant to the closing, sale and payoff of the BOFA note and mortgage and matters that had transpired as related above.

31.

Even after formal notices and disputes from plaintiffs, NSTM continued to dun plaintiffs, write collection letters and statements to plaintiffs, make harassing collection calls to plaintiffs, and to damage plaintiffs credit ratings, reputations, property rights, and well being.

32.

Beginning in September, 2013, BOFA and NSTM enlisted an additional debt collection agency, S&D, to harass and dun plaintiffs in a continuation of the scheme described above.

33.

Beginning in September, 2013, S&D wrote plaintiffs a series of collection letters claiming that plaintiffs owed monies to defendants and that plaintiffs were in debt and delinquent in payments on the aforementioned note and mortgage.

34.

In September, 2013, NSTM continued to send dunning and false collection communications and statements to plaintiffs claiming that plaintiffs owed monies to defendants and that plaintiffs were in debt and delinquent in payments on the aforementioned note and mortgage.

35.

On September 11, 2013, NSTM wrote plaintiffs attorneys and now claimed that NSTM returned the payoff funds cashiers check [dated May 30, 2013, in the sum of $69,505.79] to BOFA, which had sent it to NSTM and NSTM claimed the reason for returning the payoff funds was because NSTM had not acquired the referenced loan and mortgage from BOFA until June 7, 2013 although in an August 29 letter that NSTM penned to plaintiffs' attorneys, NSTM claimed the "account transferred to Nationstar Mortgage LLC, from Bank Of America, effective July 16, 2013." The August 29 letter also claimed that NSTM had deposited and "processed" the payoff

funds and an updated accounting would be forthcoming.  Clearly, the latter never occurred.

36.

On September 16, 2013, plaintiffs' attorneys, Cotton, Bolton, Hoychick and Doughty, LLP, again wrote a detailed letter to NSTM, explaining that payoff funds were sent pursuant to the closing, sale and payoff of the BOFA note and mortgage and matters that had transpired as related above and again disputing the defendants' violations, fault and misdeeds and demanding an accounting, including proper corrective actions.

37.

On September 16, 2013, S&D wrote plaintiffs and claimed that plaintiffs now owed $70,215.58, which included fraudulently added collection fees, interest, force placed insurance charges and other improper assessments.

38.

S&D also falsely claimed that the subject residence and related loan and mortgage were now in a foreclosure proceeding.

39.

As before, this dunning communication of September 16, 2013, made multiple representations as to the identity of the collection agencies, the nature of business of S&D, falsely represented a debt, falsely suggested that S&D were Louisiana attorneys, falsely implied that S&D could take legal action in Louisiana, failed to properly remedy the prior and multiple disputes made and constituted violations of multiple sections of the Fair Debt Collection Practices Act.

40.

Two days later, NSTM wrote plaintiffs and claimed that plaintiffs owed $68,895, a sum which clearly was inaccurate, false and differed from its co-defendant and fellow debt collector, S&D, from two days earlier.

41.

On September 19, 2013, plaintiffs' attorneys, Cotton, Bolton, Hoychick and Doughty, LLP, again wrote another detailed dispute and demand letter to defendants.

42.

On September 26, 2013, NSTM wrote plaintiffs attorneys and now claimed that NSTM

returned the payoff funds cashiers check [dated May 30, 2013, in the sum of $69,505.79] to Franklin State Bank, the cashier's check originator, not BOFA.  Of course, upon information and belief, Franklin State Bank did not receive any such returned item.

43.

On October 1, 2013, plaintiffs' attorneys, Cotton, Bolton, Hoychick and Doughty, LLP, again wrote another detailed dispute and demand letter to defendants.  The letter advised NSTM that Franklin State Bank never received any alleged returned cashier's check from NSTM and recited that NSTM had now related three different stories about what transpired since closing. The letter memorialized the threatening contacts made by defendants to plaintiffs.

44.

On October 7, 2013, NSTM wrote plaintiffs' attorneys and admitted that NSTM had made multiple, contradicting statements to plaintiffs concerning the payoff funds and handling of the funds and accounting.  Incredibly, NSTM also now claimed that plaintiffs were five payments delinquent on the referenced loan note and mortgage.

45.

On October 11, 2013, NSTM wrote plaintiffs' attorneys and demanded that plaintiffs send newly and overstated payoff funds to NSTM through certified funds payoff funds to NSTM and NSTM claimed it did not have the payoff funds

46.

Again, NSTM claimed that plaintiffs should contact Franklin State Bank and demand a duplicated cashiers check be issued, in a new and larger sum, as payoff funds to transmit to NSTM.

47.

NSTM claimed that plaintiffs owed $74,383.30

48.

NSTM also illegally claimed that plaintiffs owed NSTM "legal fees" of $3,854.82, sums which plaintiffs did not owe, could not owe and which constitute illegally applied legal fees.

49.

Incredibly, one week later, on October 18, 2013, NSTM sent a written demand to plaintiffs for the sum of $68,895, the same sum it demanded over one month earlier and which

differed from its co-defendant, debt collector's S&D's written demands to plaintiffs, as described above.

50.

On October 23, 2013, NSTM wrote plaintiffs' attorneys and demanded that plaintiffs send newly and overstated payoff funds to NSTM through certified funds payoff funds to NSTM and NSTM claimed it did not have the payoff funds. The letter also verified the September 11, 2013, phone call between plaintiffs' attorneys and NSTM wherein NSTM later claimed it sent the payoff funds back to Franklin State Bank, a contention that Franklin State Bank denied and still denies.

51.

On October 29, 2013, NSTM re-wrote plaintiffs' attorneys and again demanded that plaintiffs send newly and overstated payoff funds to NSTM through certified funds payoff funds to NSTM and NSTM claimed it did not have the payoff funds. The letter also verified the September 11, 2013, phone call between plaintiffs' attorneys and NSTM wherein NSTM later claimed it sent the payoff funds back to Franklin State Bank, a contention that Franklin State Bank denies.

52.

To date, defendants have not remedied the false communications, payoff funds accounting, correction  and cancellation of the loan note and mortgage or credit reportings.

53.

As will be shown at trial, BOFA reported to the national consumer reporting agencies that the subject loan and mortgage were always paid timely by plaintiffs, never delinquent and that as of May, 2013, plaintiffs allegedly owed $71,677, a sum differing from the payoff quoted to the closing attorneys in May, 2013.

54.

NSTM is a closely related entity to BOFA and a collection agency branch of BOFA.

55.

Plaintiffs were not delinquent, as BOFA has reported and admitted, and there was no reason to have the mortgage transferred to NSTM, other than to cause an alleged transfer of service, cause an alleged transfer of service, to create the appearance of a payment going to the

wrong location, and the appearance of a post-closing delinquency, all so that defendants could assess purported force placed insurance charges, additional interest, late charges, fees, illegal "legal fees" and other assessments, all with full knowledge of plaintiffs' equity position in the property and strong credit standing which would result in defendants collecting excessive sums and using plaintiffs' equity, the sale, the closing, clouding the title, force placed insurance, and demands for additional charges to force plaintiffs to pay those illegal sums,

56.

Co-defendants, BOFA and NSTM, also are closely connected with debt collector, S&D, to whom those defendants assign a large volume of collection matter which are not quickly and easily collected by NSTM for BOFA and NSTM to share.

57.

Defendants use S&D's appearance as a law firm to taunt and threaten consumers, like plaintiffs, into paying such illegally assessed charges and assessments.

58.

At all times, Plaintiffs contested the improper force placed insurance on the  property and the improper and illegal assessment of other such charges to them.

59.

To date, defendants failed and refused to respond to the amicable demands made and defendants have not accounted for the funds paid.

60.

Defendants have repeatedly made efforts to collect monies not due them, engaged in a scheme to defraud plaintiffs, and ignored plaintiffs' written requests for defendants to adjust and cancel the mortgage and properly account and to remove and negate the effects of the illegally force placed flood insurance.

61.

Defendants has likewise false reported information about plaintiffs to the national consumer reporting agencies.

62.

Defendant, BOFA, is liable unto plaintiffs for damages and other awards proper under their causes of action and fault of defendant as set forth in the following illustrative, non-

exclusive particulars:

[a]   Violations of the Louisiana Unfair Trade Practices Act [LUTPA], La. RS 51:1401, et. seq.;

[b]   Breach of contract;

[c]   Violations of Section 2605 of RESPA, for failure to properly respond to, address, account and make disclosures and corrections mandated after receipt of plaintiffs' qualified written requests;

[d]   Violations of Section 2609 of RESPA, for mismanagement of plaintiff's escrow account and mortgage, including failure to respond to demands for correction of the mortgage accounting;

[e]   Negligence or alternatively, fraud and outrage;

[f]   Deception and false representations;

[g]   Breach of its fiduciary duties owed to plaintiffs as a mortgage lender and servicer;

[h]   Negligent service of a mortgage loan;

[i]   False representations concerning loan charges;

[j]   Illegal placement of unnecessary and unauthorized force placed insurance and loan charges;

[k]   Breach of duties of good faith, fair dealing and honesty in dealing with plaintiff;

[l]   Slander of title and property damages;

[m]   Engaging a law firm and debt collection agency which is not licensed in Louisiana to engage in debt collection efforts against Louisiana consumers, including threats through use of a law firm letterhead where the law firm is not licensed to practice in Louisiana and could not file a lawsuit against plaintiffs but threatens legal action;

[n]   Negligent or, alternatively, willful violations of the Fair Credit Reporting Act, 15 U.S.C. 1681b[f] and willful violations of Section 1681q, by accessing plaintiffs' consumer reports absent a permissible purpose required by Section 1681b and, separately, violating Section 1681q by accessing any information about plaintiffs from one or more consumer reporting agencies under a false pretense, that being one of the required purposes. At the time of the inquiries, BOFA claimed that it had transferred the mortgage and loan to NSTM, as BOFA reported in its credit reportings appearing on plaintiffs' credit reports,

and then BOFA claimed that it had transferred the payoff funds to NSTM, based on the transfer of the mortgage. Therefore, plaintiffs would not have any account or relationship remaining with BOFA to sustain a permissible purpose as required by the FCRA for such an inquiry; and

[o]     Other acts of fault and breach to be proven at the trial on the merits.

63.

Defendant, NSTM, is liable unto plaintiffs for damages and other awards proper under their causes of action and fault of defendant as set forth in the following illustrative, non-exclusive particulars:

[a]     Violations of the Louisiana Unfair Trade Practices Act [LUTPA], La. RS 51:1401, et. seq.;

[b]     Breach of contract;

[c]     Violations of Section 2605 of RESPA, for failure to properly respond to, address, account and make disclosures and corrections mandated after receipt of plaintiffs' qualified written requests;

[d]     Violations of Section 2609 of RESPA, for mismanagement of plaintiff's escrow account and mortgage, including failure to respond to demands for correction of the mortgage accounting;

[e]     Negligence or alternatively, fraud and outrage;

[f]     Deception and false representations;

[g]     Breach of its fiduciary duties owed to plaintiffs as a mortgage lender and servicer;

[h]     Negligent service of a mortgage loan;

[i]     False representations concerning loan charges;

[j]     Illegal placement of unnecessary and unauthorized force placed insurance and loan charges;

[k]     Breach of duties of good faith, fair dealing and honesty in dealing with plaintiffs;

[l]     Slander of title and property damages;

[m]     Engaging a law firm and debt collection agency which is not licensed in Louisiana to engage in debt collection efforts against Louisiana consumers, including threats through use of a law firm letterhead where the law firm is not licensed to practice in Louisiana

and could not file a lawsuit against plaintiffs but threatens legal action;

[n]    Violations of the Federal Fair Debt Collections Practices Act, in multiple respects

including but not limited to false representation as to defendant's identity and role; false

statements as to the sum, extent and nature of charges and debt; false statements

concerning fraudulent and illegal charges and assessments allegedly imposed; engaging

another debt collector to scheme to intimidate and defraud plaintiffs; and transmittal of

false and deceiving written and verbal communications to a plaintiff and to consumer

reporting agencies about plaintiff; and

[o]    Other acts of fault and breach to be proven at the trial on the merits.

64.

Defendant, S&D, is liable unto plaintiffs for damages and other awards proper under their

causes of action and fault of defendant as set forth in the following illustrative, non-exclusive

particulars:

[a]    Violations of the Louisiana Unfair Trade Practices Act [LUTPA], La. RS 51:1401, et.

seq.;

[b]    Negligence or alternatively, fraud and outrage;

[c]    Deception and false representations;

[d]    False representations concerning an alleged debt and charges;

[e]    Illegal placement of unnecessary and unauthorized force placed insurance and loan

charges;

[f]    Breach of duties of good faith, fair dealing and honesty in dealing with plaintiffs;

[g]    Engaging in the unauthorized practice of law in Louisiana and engaging in debt collection

activities as a debt collection agency yet not licensed in Louisiana to engage in debt

collection efforts against Louisiana consumers or the practice of law in Louisiana,

including threats through the use of a law firm letterhead where the law firm is not

licensed to practice in Louisiana and could not take legal action or file a lawsuit against

plaintiffs but threatened legal action;

[h]    Violations of the Federal Fair Debt Collections Practices Act, in multiple respects

including but not limited to false representation as to defendant's identity and role; false

statements as to the sum, extent and nature of charges and debt; false statements

concerning fraudulent and illegal charges and assessments allegedly imposed; engaging in

a scheme with other debt collectors to intimidate and defraud plaintiffs; and transmittal of

false and deceiving written and verbal communications to consumers; and

[i]     Other acts of fault and breach to be proven at the trial on the merits.

65.

Defendants falsely claimed that plaintiffs' mortgage was in default at the time defendants

NSTM purportedly acquired it thereby rendering defendants, NSTM and S&D, to be "debt

collectors" by law.

66.

Defendants falsely represented the amount and legal status of Plaintiffs' mortgage debt

and further reported same to others, including consumer reporting agencies and to plaintiffs, all

in multiple violations of 15 U.S.C. 1692e.

67.

Defendants also used false representations and deceptive practices in connection with

collection of an alleged debt from Plaintiffs.15 U.S.C. 1692e.

68.

Defendants also used unfair or unconscionable means against Plaintiffs in connection

with multiple attempts to collect an alleged debt. 15 USC 1692e, 1692f.

69.

Defendants also failed to provide Plaintiffs with the notices required by 15 USC 1692g,

either in the initial communication with Plaintiffs, or in writing within 5 days thereof, per 15

USC 1692g(a).

70.

Plaintiffs are also entitled to declaratory relief and plaintiffs seek a declaratory judgment

finding that: [1] defendants, BOFA and NSTM, breached the terms of the mortgage and are not

entitled to institute foreclosure proceedings or other collection activities; [2] plaintiffs are not in

breach of the mortgage agreement and are entitled to cancellation of the note and mortgage so as

to clear title to the property; [3] defendants were not permitted to force place insurance,

additional assessments and charges or legal fees, and did so illegally; [4] that plaintiffs' mortgage

is paid in full; [5] that defendants are required to correct plaintiffs' mortgage loan charges,

accounting, escrow and defendants' credit reportings and other reportings of information about plaintiffs' mortgage; [6] other declaratory relief deemed necessary or proper by the court.

71.

Plaintiffs are also entitled to injunctive relief in favor of plaintiffs and against defendants: [1] ordering defendants not to make any effort to institute or prosecute foreclosure proceedings against plaintiffs or the subject property; [2] enjoining defendants from further breaches of the mortgage agreement; [3] enjoining defendants from illegally force placing insurance, assessing improper charges and fees in excess of the stated payoff on plaintiffs' mortgage; [4] enjoining defendants from assessing any charges for force placed insurance against plaintiffs; [5] ordering defendants to correct plaintiffs' mortgage loan charges, accounting, escrow and defendants' credit reportings and other reportings of information about plaintiffs' mortgage; [6] cancel the referenced lien and mortgage against the subject property; and [7] other injunctive relief deemed necessary or proper by the court.

72.

Plaintiffs have sustained damages caused by defendants, including economic damages and non-economic damages.

73.

Plaintiffs assert that there is causation between their causes of action and the damages sought, namely actual, statutory, exemplary and punitive damages, property damages, out-of-pocket expenses, anguish, pain and suffering, embarrassment, inconvenience, lost economic and investment opportunity, loss of incidental time, frustration, emotional distress, stress, sickness, mental anguish, fear of financial and personal security, attorneys' fees, and court costs, and other assessments proper by law.

WHEREFORE PLAINTIFFS, EMILY FRANCES FRAGALA IVY WYANT, JOHN FRAGALA, and INEZ TANNEHILL FRAGALA, PRAY that after all due proceedings be had there be judgment herein in favor of Plaintiffs and against Defendants, NATIONSTAR MORTGAGE, LLC F/K/A CENTEX HOME EQUITY COMPANY, LLC, BANK OF AMERICA, N.A. A/K/A BAC HOME LOANS SERVICING, LP, and SHAPIRO & DAIGREPONT, LLC F/K/A SHAPIRO & MENTZ, LLC,  as follows:

1)   That there be Judgment in favor of Plaintiffs and against Defendants, jointly, severally and in solido, to the maximum possible extent, for all reasonable damages and claims proven by Plaintiffs, together with other awards and relief requested, including but not limited to attorneys' fees, and court costs, and other assessments proper by law and any and all other applicable laws, together with legal interest thereon from date of judicial demand until paid;

2)   That there be Judgment in favor of Plaintiffs and against Defendants for all declaratory relief requested; and

3)   That there be Judgment in favor of Plaintiffs and against Defendants for all injunctive relief requested.

FURTHER PRAY for all such additional, general and equitable relief as may be necessary and proper in the premises.

Respectfully submitted,

BODENHEIMER, JONES & SZWAK, LLC

By: _____

DAVID A. SZWAK, La.BR #21157
416 Travis Street, Suite 1404
Mid South Tower
Shreveport, Louisiana 71101
(318) 424-1400
FAX  221-6555
ATTORNEYS FOR PLAINTIFFS

**PLEASE SERVE**:
**NATIONSTAR MORTGAGE, LLC F/K/A CENTEX HOME EQUITY COMPANY, LLC,**
Through its registered agent for service of process:
Corporation Service Company, 320 Someroulos St., Baton Rouge, Louisiana;

**SHAPIRO & DAIGREPONT, LLC F/K/A SHAPIRO & MENTZ, LLC,**
Through its registered agent for service of process:
Penny Daigrepont, 3510 N. Causeway Blvd., #600, Metairie, Louisiana 70002.

**PLEASE ISSUE LONG-ARM CITATION AND COPY OF PETITION FOR LONG-ARM SERVICE ON:**
**BANK OF AMERICA, N.A. A/K/A BAC HOME LOANS SERVICING, LP,**
Who may be served with process under the Louisiana Long-Arm statute through:
BANK OF AMERICA, N.A. A/K/A BAC HOME LOANS SERVICING, LP c/o President/CEO or other officer or director, 101 Tryon Street, Charlotte, North Carolina 28255, and
BANK OF AMERICA, N.A. A/K/A BAC HOME LOANS SERVICING, LP c/o President/CEO or other officer or director, 4500 Park Granada, Calabasas, California 91302.

Page -16-

# CITATION

EMILY FRANCES FRAGALA IVY
WYANT, ET AL

5TH  JUDICIAL DISTRICT COURT

VS. NO.   43801

STATE OF LOUISIANA

NATIONSTAR MORTGAGE, LLC, ET
AL

PARISH OF RICHLAND

---

STATE OF LOUISIANA:

TO:  **BANK OF AMERICA, N.A. A/K/A BAC HOME LOANS SERVICING, LP,**
Who may be served with process under the Louisiana Long-Arm statute through:
BANK OF AMERICA, N.A. A/K/A BAC HOME LOANS SERVICING, LP c/o President/CEO
or other officer or director, 101 Tryon Street, Charlotte, North Carolina 28255, and
BANK OF AMERICA, N.A. A/K/A BAC HOME LOANS SERVICING, LP c/o President/CEO
or other officer or director, 4500 Park Granada, Calabasas, California 91302.

*After the filing in the record of the affidavit of the individual
who mailed the process to the defendant showing that it was
enclosed in an envelope addressed with suffficient postage affixed
and the date it was deposited in the U. S. Mail, to which shall
be attached the return receipt of the defendant.

You are hereby cited to comply with the demand contained in
the petition, a certified copy of which accompanies this citation,
(exclusive of exhibits).  Alternatively, you should file an answer
or other pleading to said petition in the office of the Clerk of
the Fifth Judicial District Court, Rayville, Louisiana, within
thirty (30) days after the service hereof.  Your failure to comply
herewith will subject you to the penalty of entry of default
judgment against you.

Witness the Honorable Judges of said Court, this
JANUARY 10, 2014.

Deputy Clerk of Court
Richland Parish

A certified copy of this citation
and of the petition this day
returned to counsel for plaintiff
to be served by Long Arm Statute,
R. S. 13:3201.  JANUARY 10, 2014

DEPUTY CLERK OF COURT

# STACIE S. WILLIAMSON

*Clerk of Court*
*Parish of Richland*
**RAYVILLE, LOUISIANA  71269**

P. O. BOX 119

(318) 728-4171
Fax:  (318) 728-7020

January 10,  2014

JEFFERSON PARISH SHERIFF OFFICE
1233 WEST BANK EXPRESSWAY
BLDG B, 5TH FLOOR
HARVEY, LA., 7058

Re: EMILY FRANCES FRAGALA IVY  WYANT ET AL
    VS  43801 B
    NATIONSTAR MORTGAGE LLC ET AL

Dear Sir:

  Please find enclosed a  certified copy of CITATION to be served on SHAPIRO &
DAIGREPONT  THRU ITS AGENT, PENNY DAIGREPONT  of your parish. Please serve
and send us your return and statement of costs. Enclosed is our check # _____
in the amount of $25.00 due as your service fee.

Stacie S. Williamson, Clerk of Court

By: _____
    Debora Morris, Dy Clerk

# STACIE S. WILLIAMSON
## *Clerk of Court*
### *Parish of Richland*
### *RAYVILLE, LOUISIANA  71269*

P. O. BOX 119

(318) 728-4171
Fax:  (318) 728-7020

January 10,  2014

E.BATON ROUGE SHERIFF OFFICE
PO BOX 3277
JUDICIAL PROCESS
ROOM 210
BATON ROUGE, LA., 70821

Re: EMILY FRANCES FRAGALA IVY  WYANT ET AL
    VS  43801 B
    NATIONSTAR MORTGAGE LLC ET AL

Dear Sir:

  Please find enclosed a  certified copy of CITATION to be served on NATIONSTAR MORTGAGE THRU ITS AGENT, CORPORATION SERVICE CO  of your parish. Please serve and send us your return and statement of costs. Enclosed is our check # _____ in the amount of $30.00 due as your service fee.

Stacie S. Williamson, Clerk of Court

By: _____
    Debora Morris, Dy Clerk

# STACIE S. WILLIAMSON
### *Clerk of Court*
### *Parish of Richland*
### *RAYVILLE, LOUISIANA  71269*

P. O. BOX 119

(318) 728-4171
Fax:  (318) 728-7020

January 19, 2014

E.BATON ROUGE SHERIFF OFFICE
PO BOX 3277
JUDICIAL PROCESS
ROOM 210
BATON ROUGE, LA., 70821

Re: EMILY FRANCES FRAGALA IVY  WYANT ET AL
       VS  43801 B
       NATIONSTAR MORTGAGE LLC ET AL

Dear Sir:

   Please find enclosed a  certified copy of CITATION to be served on NATIONSTAR MORTGAGE THRU ITS AGENT, CORPORATION SERVICE CO  of your parish. Please serve and send us your return and statement of costs. Enclosed is our check # 18464   in the amount of $30.00 due as your service fee.

Stacie S. Williamson, Clerk of Court

By: _____
       Debora Morris, Dy Clerk

# STACIE S. WILLIAMSON
*Clerk of Court*
*Parish of Richland*
**RAYVILLE, LOUISIANA  71269**

P. O. BOX 119

(318) 728-4171
Fax:  (318) 728-7020

January 10,  2014

JEFFERSON PARISH SHERIFF OFFICE
1233 WEST BANK EXPRESSWAY
BLDG B, 5TH FLOOR
HARVEY, LA., 7058

Re: EMILY FRANCES FRAGALA IVY  WYANT ET AL
    VS  43801 B
    NATIONSTAR MORTGAGE LLC ET AL

Dear Sir:

  Please find enclosed a  certified copy of CITATION to be served on SHAPIRO &
DAIGREPONT  THRU ITS AGENT, PENNY DAIGREPONT  of your parish. Please serve
and send us your return and statement of costs. Enclosed is our check #  _18465_
in the amount of $25.00 due as your service fee.

Stacie S. Williamson, Clerk of Court

By: _Debora Morris_
    Debora Morris, Dy Clerk

# CITATION

21-14

EMILY FRANCES FRAGALA IVY
WYANT, ET AL

5TH JUDICIAL DISTRICT COURT

VS. NO.    43801

STATE OF LOUISIANA

NATIONSTAR MORTGAGE, LLC, ET
AL

PARISH OF RICHLAND

---

STATE OF LOUISIANA:

TO:   SHAPIRO & DAIGREPONT, LLC FKA
      SHAPIRO & MENTZ, LLC THRU ITS AGENT
      PENNY DAIGREPONT
      3510 N. CAUSEWAY BLVD, # 600
      METAIRIE, LA.,  70002

                              of the Parish of JEFFERSON

     You are hereby cited to comply with the demand contained in
the petition for damages, a certified copy of which accompanies this
citation.  Alternatively, you should file an answer or other
pleading to said petition for damages in the office of the Clerk of the
Fifth Judicial District Court, in the Richland Parish Courthouse,
Rayville, Louisiana, within fifteen (15) days after the service
hereof.  Your failure to comply herewith will subject you to
the penalty of entry of default judgment against you.

     Witness the Honorable Judges of said Court, this
JANUARY 10, 2014.

                         _____
                              Deputy Clerk of Court
                                Richland Parish

DATE RECEIVED 1-21-14 DATE RETURNED 1-21-14
    DATE SERVED 1-21-14 _____ __
   SERVICE AFFECTED OR REASON UNSERVED.
   X PERSONAL   DOMICILARY_____
   ___NOT AT THIS ADDRESS PER _____
UNABLE TO SERVE AFTER MAKING ___ATTEMPTS.
   ___NO SUCH ADDRESS ___VACANT
   ___OTHER: _____
   _____
        _____  21-14
        DONALD LAMBERT          25916
        Deputy Sheriff of Jefferson Parish

STACIE S. WILLIAMSON, CLERK OF COURT
PARISH OF RICHLAND
POST OFFICE BOX 119
RAYVILLE, LOUISIANA  71269

**CERTIFICATE OF MAILING**

**January 31, 2014**

RE:  CIVIL CASE REPORTING

I hereby certify that a  certified copy of the  LA. CIVIL CASE REPORTING has been
mailed on this day with sufficient postage to the following parties:  OFFICE OF THE
JUDICIAL ADMINISTRATOR, SUPREME COURT OF LA, 400 ROYAL ST., STE.
1190, NEW ORLEANS, LA., 70130:

43803 C  MELBA BINNS ET AL  VS THE TRAVELERS INDEMNITY CO ET AL
43814 A  JAMES CLARK ET AL VS LUCAS AARON PHILMORE CANON ET AL
43801 B  EMILY FRANCES FRAGALA IVY WYANT ET AL VS NATIONSTAR
             MORTGAGE ET AL

Debora Morris, Dy. Clerk of Court
Richland Parish, Louisiana

Jan. 13. 2014  4:29PM  please complete and return to Clerks of No. 6633   P. 1
                        you can fax to 318 728-7020       t `ks

## LOUISIANA CIVIL CASE REPORTING
### PART A
Civil Case Cover Sheet - LA. R.S. 13:4688 and
Part G, §13, Louisiana Supreme Court General Administrative Rules

This civil case cover sheet shall be completed by counsel for the petitioner, counsel's authorized
representative, or by the pro se litigant (if not represented by counsel) and submitted with the original
petition filed with the court. The information should be the best available at the time of filing. This
information does not constitute a discovery request, response or supplementation, and is not admissible
at trial.

Suit Caption:         **EMILY FRANCES FRAGALA IVY WYANT ET AL**
                                        VS
                      **NATIONSTAR MORTGAGE, LLC ET AL**
                                        vs.

Court: _____ **5th JUDICIAL DISTRICT** Docket Number: _____ **43,801 B**

Parish of Filing: **RICHLAND** _____ Filing Date: _____ **January 10, 2014**

Name of Lead Petitioner's Attorney: David A. Sewak

Name of Pro Se Litigant: _____

Number of named petitioners: **3**      Number of named defendants: **3**

Type of Lawsuit: Please check the categories which most appropriately apply to this suit
(no more than 3 categories should be checked):

__Auto: Personal Injury
__Auto: Wrongful Death                  __ Auto: Property Damage
__Asbestos: Property Damage             __ Auto: Uninsured Motorist
__Product Liability                     __ Asbestos: Personal Injury/Death
__Intentional Bodily Injury             __ Premise Liability
__Intentional Wrongful Death            __ Intentional Property Damage
__Business Tort                         __ Unfair Business Practice
__Defamation                            ✓Fraud
__Environmental Tort                    __Professional Negligence
__Intellectual Property                 __ Medical Malpractice
__Legal Malpractice                     __ Toxic Tort
__ Other Professional Malpractice       __ Other Tort (describe below)
__ Maritime                             __ Redhibition
__ Wrongful Death                       __ Class action (nature of case)
✓General Negligence

Please briefly describe the nature of the litigation in one sentence of additional detail:
Defendants failed to apply payoff to Petitioners mortgage & cancel
the mortgage. Defendants are demanding more money when they have
received the payoff.

Following the completion of this form by counsel, counsel's representative, or by the pro se litigant,
this document will be submitted to the Office of the Judicial Administrator, Supreme Court of
Louisiana, by the Clerk of Court.

Name, address and contact information of person completing form:

Name David Szwak          Signature _____

Address 416 Travis St., #1404, Shreveport, LA 71101

Phone number: 424-1400    E-mail address: bjks1507@aol.com

2014 FEB 5 PM 1:27



**SHAPIRO AND DAIGREPONT, L.L.C.**
———— ATTORNEYS AT LAW ————

Gerald M. Shapiro
  Licensed in Illinois & Florida only
David S. Kreisman
  Licensed in Illinois only
Penny M. Daigrepont
L. Claire Mayer
Katharine M. Melesurgo
Eva M. Simkovitz
Lindsay M. Graham

February 4, 2014

**Richland Parish Clerk of Court**

Attention: Civil Filing

Re:    *Emily Frances Fragala Ivy Wyant, et al vs. Nationstar Mortgage, LLC*
       Case # 43,801 Div. B
       Our File No. 13-010540

To whom it concerns,

      Please submit the Motion for Extension of Time for filing and to the Judge for signing.  I would like to request that the signed Order be returned to our office.  If you have any further questions, please contact me at (504)838-7507.

Thanking you in advance for your kind cooperation in this matter, I remain,

                    Very truly yours,

                    Tara N. Gehring
                    Foreclosure Department

13-010540

## 5TH JUDICIAL DISTRICT COURT FOR THE PARISH OF RICHLAND

### STATE OF LOUISIANA

NO.  43, 801

DIVISION B

### EMILY FRANCES FRAGALA IVY WYANT, JOHN FRAGALA AND INEZ TANNEHILL FRAGALA

#### VERSUS

### NATIONSTAR MORTGAGE, LLC F/KA CENTEX HOME EQUITY COMPANY, LLC, BANK OF AMERICA N.A. A/K/A BAC HOME LOANS SERVICING, LP AND SHAPIRO & DAIGREPONT, LLC F/KA/ SHAPIRO & MENTZ, LLC

FILED: ___February 4, 2014___        _____

                                            DEPUTY CLERK

## MOTION FOR EXTENSION OF TIME

NOW INTO COURT, through undersigned counsel, comes Shapiro & Daigrepont, LLC, and hereby moves the Court for an order granting an extension of time to reply to the Petition filed by plaintiff herein. In support of same, Shapiro & Daigrepont, LLC submits the following:

Shapiro & Daigrepont was served with plaintiff's Petition on January 21, 2014 and responsive pleadings are currently due on February 5, 2014. Shapiro & Daigrepont has contacted plaintiff's attorney, David Szwak, on two separate occasions to request an informal extension but has not received a response to date.

Shapiro & Daigrepont now requests a thirty (30) day extension of time, through and including March 7, 2014, in which to file responsive pleadings to the Petition filed by plaintiff, for the reason that additional time is needed to gather the factual information and documents necessary to present an adequate defense. Shapiro & Daigrepont, LLC further avers that no previous formal extension of time in which to respond has been requested by counsel, and opposing counsel has not filed into the record any objection to a formal extension of time.

Respectfully submitted,

SHAPIRO & DAIGREPONT, L.L.C.
Penny M. Daigrepont (#30464)
Lindsay G. Faulkner (#33863)
3510 N. Causeway Blvd., Suite 600
Metairie, LA 70002
Telephone: (504) 831-7726
Facsimile: (504) 837-7622

MAGEE, ZERINGUE & RICHARDSON
Zara Zeringue (#22901)
207 East Gibson Street

Covington, LA 70433
Telephone: (985) 893-7550
Facsimile: (985) 893-7596

## CERTIFICATE OF SERVICE

I, the undersigned authority, hereby certify that a copy of the above and foregoing has been served upon all counsel of record in this cause by facsimile transmission or by depositing same into the U.S. Mail, First Class postage prepaid and properly addressed this 4th day of February 2014.

LINDSAY G. FAULKNER

13-010540

## 5TH JUDICIAL DISTRICT COURT FOR THE PARISH OF RICHLAND

## STATE OF LOUISIANA

NO.  43, 801

DIVISION B

### EMILY FRANCES FRAGALA IVY WYANT, JOHN FRAGALA AND INEZ TANNEHILL FRAGALA

### VERSUS

### NATIONSTAR MORTGAGE, LLC F/KA CENTEX HOME EQUITY COMPANY, LLC, BANK OF AMERICA N.A. A/K/A BAC HOME LOANS SERVICING, LP AND SHAPIRO & DAIGREPONT, LLC F/KA/ SHAPIRO & MENTZ, LLC

FILED: ___february 4, 2014___   _____
DEPUTY CLERK

### ORDER

Considering the above and foregoing,

IT IS ORDERED that Shapiro & Daigrepont, LLC is extended an additional 30 days from the date responsive pleadings would otherwise be due in this cause, through and including March 7, 2014, within which to answer or otherwise respond to plaintiff's Petition.

Rayville, Louisiana this __6th__ day of __February__, 2014.

_____
JUDGE
JUDGE TERRY A. DOUGHTY



**S** **SHAPIRO AND DAIGREPONT, L.L.C.**
**—— ATTORNEYS AT LAW ——**
**& D**

Gerald M. Shapiro
  Licensed in Illinois & Florida only
David S. Kreisman
  Licensed in Illinois only
Penny M. Daigrepont
L. Claire Mayer
Katharine M. Melesurgo
Eva M. Simkovitz
Lindsay M. Graham

February 4, 2014

Richland Parish Clerk of Court

Attention: Civil Filing

Re:   *Emily Frances Fragala Ivy Wyant, et al vs. Nationstar Mortgage, LLC*
      Case # 43,801 Div. B
      Our File No. 13-010540

To whom it concerns,

        Please submit the Motion for Extension of Time for filing and to the Judge for signing.  I would like to request that the signed Order be returned to our office.  If you have any further questions, please contact me at (504)838-7507.

Thanking you in advance for your kind cooperation in this matter, I remain,

                              Very truly yours,

                              *Tara Gehring*

                              Tara N. Gehring
                              Foreclosure Department

        *Sending $20.00*

                                                          16
                                                          3
                                                          ——
                                                          19

3510 North Causeway Boulevard, Suite #600 • Metairie, Louisiana 70002 • voice: (504) 831-7726 • fax: (504) 837-7622

RECEIVE:        NO.3310        02/04/2014/TUE 01:59PM        RICHLAND PARISH CLER

13-010540

5TH JUDICIAL DISTRICT COURT FOR THE PARISH OF RICHLAND

STATE OF LOUISIANA

NO. 43,801

DIVISION B

EMILY FRANCES FRAGALA IVY WYANT, JOHN FRAGALA AND INEZ
TANNEHILL FRAGALA

VERSUS

NATIONSTAR MORTGAGE, LLC F/K/A CENTEX HOME EQUITY COMPANY, LLC,
BANK OF AMERICA N.A. A/K/A BAC HOME LOANS SERVICING, LP AND
SHAPIRO & DAIGREPONT, LLC F/K/A/ SHAPIRO & MENTZ, LLC

FILED: _____          _____

                                              DEPUTY CLERK

MOTION FOR EXTENSION OF TIME

NOW INTO COURT, through undersigned counsel, comes Shapiro & Daigrepont, LLC,

and hereby moves the Court for an order granting an extension of time to reply to the Petition

filed by plaintiff herein. In support of same, Shapiro & Daigrepont, LLC submits the following:

Shapiro & Daigrepont was served with plaintiff's Petition on January 21, 2014 and

responsive pleadings are currently due on February 5, 2014. Shapiro & Daigrepont has contacted

plaintiff's attorney, David Szwak, on two separate occasions to request an informal extension but

has not received a response to date.

Shapiro & Daigrepont now requests a thirty (30) day extension of time, through and

including March 7, 2014, in which to file responsive pleadings to the Petition filed by plaintiff,

for the reason that additional time is needed to gather the factual information and documents

necessary to present an adequate defense. Shapiro & Daigrepont, LLC further avers that no

previous formal extension of time in which to respond has been requested by counsel, and

opposing counsel has not filed into the record any objection to a formal extension of time.

Respectfully submitted,

*Lindsay Faulkner*

SHAPIRO & DAIGREPONT, L.L.C.
Penny M. Daigrepont (#30464)
Lindsay G. Faulkner (#33863)

3510 N. Causeway Blvd., Suite 600
Metairie, LA 70002
Telephone: (504) 831-7726
Facsimile: (504) 837-7622

MAGEE, ZERINGUE & RICHARDSON
Zara Zeringue (#229001)
207 East Gibson Street

13-010540

5TH JUDICIAL DISTRICT COURT FOR THE PARISH OF RICHLAND

STATE OF LOUISIANA

NO. 43,801

DIVISION B

EMILY FRANCES FRAGALA IVY WYANT, JOHN FRAGALA AND INEZ
TANNEHILL FRAGALA

VERSUS

NATIONSTAR MORTGAGE, LLC F/KA CENTEX HOME EQUITY COMPANY, LLC,
BANK OF AMERICA N.A. A/K/A BAC HOME LOANS SERVICING, LP AND
SHAPIRO & DAIGREPONT, LLC F/KA/ SHAPIRO & MENTZ, LLC

FILED: _____     _____

DEPUTY CLERK

## ORDER

Considering the above and foregoing,

IT IS ORDERED that Shapiro & Daigrepont, LLC is extended an additional 30 days
from the date responsive pleadings would otherwise be due in this cause, through and including
March 7, 2014, within which to answer or otherwise respond to plaintiff's Petition.

Rayville, Louisiana this _____ day of _____, 2014.

_____
JUDGE

STACIE S. WILLIAMSON, CLERK OF COURT
PARISH OF RICHLAND
POST OFFICE BOX 119
RAYVILLE, LOUISIANA  71269

**CERTIFICATE OF MAILING**

**February 6, 2014**

RE:  EMILY FRAGALA IVY WYANT ET AL
VS  43801 B
NATIONSTAR MORTGAGE LLC

 I hereby certify that a   copy of the  MOTION AND ORDER FOR EXTENSION OF
TIME  has been mailed on this day with sufficient postage to the following parties:

ATTORNEY LINDSAY FAULKNER, 3510 N. CAUSEWAY BLVD, STE 600,
    METAIRIE, LA., 70002
ATTORNEY DAVID A SZWAK, 416 TRAVIS ST., STE 1404, MID SOUTH
    TOWERS, SHREVEPORT, LA., 71101

_____
Debora Morris, Dy. Clerk of Court
Richland Parish, Louisiana

# CITATION

EMILY FRANCES FRAGALA IVY
WYANT, ET AL

5TH JUDICIAL DISTRICT COURT

VS. NO.   43801

STATE OF LOUISIANA

NATIONSTAR MORTGAGE, LLC, ET
AL

PARISH OF RICHLAND

---

STATE OF LOUISIANA:

TO:   NATIONSTAR MORTGAGE,LLC FKA CENTEX
      HOME EQUITY CO,LLC THRU ITS AGENT:
       CORPORATION SERVICE COMPANY
        320 SOMEROULOS ST.
         BATON ROUGE, LA.,

                                    of the Parish of E.BATON ROUGE

     You are hereby cited to comply with the demand contained in
the petition for damages, a certified copy of which accompanies this
citation.  Alternatively, you should file an answer or other
pleading to said petition for damages in the office of the Clerk of the
Fifth Judicial District Court, in the Richland Parish Courthouse,
Rayville, Louisiana, within fifteen (15) days after the service
hereof.  Your failure to comply herewith will subject you to
the penalty of entry of default judgment against you.

     Witness the Honorable Judges of said Court, this
JANUARY 10, 2014.

                                    Deputy Clerk of Court
                                    Richland Parish

2014 FEB 11 AM 9:49



# BODENHEIMER, JONES & SZWAK

LLC

ATTORNEYS AT LAW

416 Travis Street, Suite 1404
Mid South Towers
Shreveport, Louisiana 71101
Telephone (318) 424-1400
Facsimile (318) 221-6555
bjks1507@aol.com

DAVID A. SZWAK*

*Chairman, Consumer Protection Section, LSBA

G.M. BODENHEIMER (1994)
J.W. JONES (2003)

Of Counsel
JAMES P. BODENHEIMER

www.MyFairCredit.com
www.MyFairDebt.com
www.MyFairAuto.com

January 24, 2014

Clerk of Court
5th Judicial District Court
P.O. Box 119
Rayville, Louisiana 71269-0119

Re:    Fragala, et al v. Nationstar, et al, suit no. 43,801-B, 5th Judicial District Court,
       Franklin Parish, Louisiana.

Dear clerk:

I enclose, for filing, two Long-Arm Service of Process Affidavits, properly executed by
Cheryl Rogers. Could you please file these into the record of these proceedings? If you have any
questions, please call me.

Sincerely,

David A. Szwak

Enclosures

And return

EMILY FRANCES FRAGALA IVY WYANT,           NUMBER: 43,801                    DIV: B
JOHN FRAGALA, and INEZ TANNEHILL
FRAGALA

Versus                                      5th JUDICIAL DISTRICT COURT

NATIONSTAR MORTGAGE, LLC F/K/A              **FILED BY:**
CENTEX HOME EQUITY COMPANY, LLC,
BANK OF AMERICA, N.A. A/K/A BAC HOME        FEB 1 1 2014
LOANS SERVICING, LP, and SHAPIRO &
DAIGREPONT, LLC  F/K/A SHAPIRO &            **DEPUTY CLERK**
MENTZ, LLC                                  RICHLAND PARISH, LOUISIANA
                                            JURY DEMANDED

## A F F I D A V I T

STATE OF LOUISIANA
PARISH OF CADDO

　　　　BEFORE ME, the undersigned Notary Public, personally came and appeared **CHERYL ROGERS**, a major domiciliary of Elm Grove, Bossier Parish, Louisiana, who after being duly sworn did depose and state, upon personal knowledge, as follows:

　　　　That she prepared and served, by certified mail, return receipt, a Long-Arm Citation and copy of the petition in the above entitled and captioned cause upon the defendant, **BANK OF AMERICA, N.A. A/K/A BAC HOME LOANS SERVICING, LP, c/o President/CEO or other officer or director, 4500 Park Granada, Calabasas, California 91302.**  That address is a major corporate headquarters for defendant on the west coast of the country.  That on **January 16, 2014**, J. Pinkston, an authorized director and officer for defendant, signed for and accepted service of the Long-Arm Citation and copy of the petition in the above entitled and captioned cause on behalf of the defendant, BANK OF AMERICA, N.A. A/K/A BAC HOME LOANS SERVICING, LP.  That attached hereto is the certified mail, return receipt showing service pursuant to the Louisiana Long-Arm statute.

                                            _____
                                            **CHERYL ROGERS**

SWORN TO AND SUBSCRIBED BEFORE ME this the _24_ day of
_____, 2014.

                    _____
                            NOTARY PUBLIC



U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

Postage | $
Certified Fee |
Return Receipt Fee (Endorsement Required) |
Restricted Delivery Fee (Endorsement Required) |

7.57

Postmark Here

7005 1820 0007 9440 2148

Bank of America, N.A.
aka Bac Home Loans Servicing, LP
c/o President/CEO or other officer or director
4500 Park Granada
Calabasas, CA 91302

PS Form 3800, June 2002                    See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Bank of America, N.A.
aka Bac Home Loans Servicing, LP
c/o President/CEO or other officer or director
4500 Park Granada
Calabasas, CA 91302

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X *J. Pinkston*   ☐ Agent   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

Received
JAN 16 2014

Service Type
■ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from s      7005 1820 0007 9440 2148

PS Form 3811, August 2001        Domestic Return Receipt        2ACPRI-03-P-4081

EMILY FRANCES FRAGALA IVY WYANT,    NUMBER: 43,801         DIV: B
JOHN FRAGALA, and INEZ TANNEHILL
FRAGALA

Versus                   5th JUDICIAL DISTRICT COURT

NATIONSTAR MORTGAGE, LLC F/K/A
CENTEX HOME EQUITY COMPANY, LLC,
BANK OF AMERICA, N.A. A/K/A BAC HOME
LOANS SERVICING, LP, and SHAPIRO &
DAIGREPONT, LLC  F/K/A SHAPIRO &
MENTZ, LLC           RICHLAND PARISH, LOUISIANA
                            JURY DEMANDED

**FILED BY:**

FEB 1 1 2014

DEPUTY CLERK

# A F F I D A V I T

STATE OF LOUISIANA
PARISH OF CADDO

    BEFORE ME, the undersigned Notary Public, personally came and appeared **CHERYL ROGERS**, a major domiciliary of Elm Grove, Bossier Parish, Louisiana, who after being duly sworn did depose and state, upon personal knowledge, as follows:

    That she prepared and served, by certified mail, return receipt, a Long-Arm Citation and copy of the petition in the above entitled and captioned cause upon the defendant, **BANK OF AMERICA, N.A. A/K/A BAC HOME LOANS SERVICING, LP, c/o President/CEO or other officer or director, 101 Tryon Street, Charlotte, North Carolina 28255.**  That address is the main corporate headquarters for defendant.  That on **January 17, 2014**, a corporate director and officer signed for and accepted service of the Long-Arm Citation and copy of the petition in the above entitled and captioned cause on behalf of the defendant, BANK OF AMERICA, N.A. A/K/A BAC HOME LOANS SERVICING, LP. That attached hereto is the certified mail, return receipt showing service pursuant to the Louisiana Long-Arm statute.

                          **CHERYL ROGERS**

SWORN TO AND SUBSCRIBED BEFORE ME this the 24 day of
_____, 2014.

                        NOTARY PUBLIC

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | 7.57 |
| Total F | |

Postmark
Here

7005 1820 0007 9440 2131

Sent To Bank of America, N.A.
        aka Bac Home Loans Servicing, LP
Street, c/o President/CEO or other officer or director
or PO E 101 Tryon St.
City, St Charlotte, NC 28255

PS Form 3800, June 2002          See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Bank of America, N.A.
aka Bac Home Loans Servicing, LP
c/o President/CEO or other officer or director
101 Tryon St.
Charlotte, NC 28255

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    □ Agent
                                     □ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?   □ Yes
   If YES, enter delivery address below:        □ No

CALLER SERVICE

3. Service Type
   ■ Certified Mail    □ Express Mail
   □ Registered        □ Return Receipt for Merchandise
   □ Insured Mail      □ C.O.D.

4. Restricted Delivery? (Extra Fee)   □ Yes

2. Article Number (Transfer from service l     7005 1820 0007 9440 2131

PS Form 3811, August 2001          Domestic Return Receipt          2ACPRI-03-P-4081