UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| EMILY FRANCES FRAGALA IVY WYANT, ET AL. | CIVIL ACTION NO. 14-0422 |
| VERSUS | JUDGE ROBERT G. JAMES |
| NATIONSTAR MORTGAGE, LLC, ET AL. | MAG. JUDGE KAREN L. HAYES |

RULING

Pending before the Court is a lawsuit arising from the sale of a home owned by Plaintiff Emily Frances Fragala Ivy Wyant and her parents, Inez Tannehill Fragala and John Fragala (collectively, "the Fragalas").  As a result of a mortgage payoff debacle, the Fraglas brought suit against Defendants Nationstar Mortgage, LLC f/k/a Centex Home Equity Company, LLC, the assignee of their mortgage; Bank of America, N.A. a/k/a BAC Homes Loan Servicing, LP, the assignor of their mortgage; and Shapiro & Daigrepont, LLC f/k/a Shapiro & Mentz, LLC ("S & D"), the law firm hired by Nationstar to collect from the Fragalas.

On March 10, 2014, S & D filed a Motion to Dismiss.  [Doc. No. 15].  The Fragalas filed an opposition memorandum. [Doc. No. 20].  With leave of Court, S & D then filed a reply memorandum. [Doc. No. 24].

On June 10, 2014, Magistrate Judge Hayes issued her Report and Recommendation [Doc. No. 27] in which she recommended that the Court grant in part and deny in part S & D's Motion to Dismiss.  On June 24, 2014, S & D filed objections to the Report and Recommendation. [Doc. No. 28].  On July 1, 2014, the Fragalas filed a lengthy response to S & D's objections. [Doc. No. 31].

Having conducted a *de novo* review and fully considered the parties' arguments, the Court ADOPTS the findings and conclusions set forth in the Magistrate Judge's Report and Recommendation except as to the Fragalas' claim under § 1692f of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

As the Magistrate Judge states in the Report and Recommendation, to state a claim under 15 U.S.C. § 1692f, among other elements, a plaintiff must prove that the debt collector took or threatened to take "'any nonjudicial action to effect dispossession or disablement of property.'" [Doc. No. 27, p. 19 (quoting 15 U.S.C. § 1692f)].  The Fragalas allege that they paid off their mortgage, but S & D's "letter(s) plainly intimated that S & D intended to foreclose" on the Fragalas' property unless the stated debt was paid. [Doc. No. 27, p. 19].  In a footnote, the Magistrate Judge explains that a foreclosure on a mortgage that contains a confession of judgment clause is considered an executory proceeding and it, thus, "nonjudicial." [Doc. No. 27, p. 20 n. 20].  S & D objects, and the Court agrees, that executory foreclosure proceedings are "'summary proceedings to obtain a judgment of foreclosure'" and may be properly characterized as "'ex parte *judicial* enforcement by the creditor.'" [Doc. No. 28 (quoting *Alphonse v. Arch Bay Holdings, L.L.C.*, 548 Fed. App'x 979, 980, 980 n.1 (5th Cir. 2013) (citations omitted) (emphasis added))].  Since executory foreclosure proceedings are judicial actions, the Fragalas have not stated a claim under § 1692f based on these allegations.

Additionally, the Court does not agree that S & D can be held liable under this section based on an implicit threat in its letter to adversely impact the Fragalas' credit rating without disclosing that the debt was disputed.  Even if the threat was implicit, it was not a threat to take

2

nonjudicial action "to effect dispossession or disablement of property."[1]

Thus, for the foregoing reasons, S & D's Motion to Dismiss [Doc. No. 15] is GRANTED IN PART and DENIED IN PART. To the extent that S & D moves for dismissal of Plaintiffs' state tort law claims, Louisiana Unfair Trade Practices Act claims, and FDCPA claims brought under 15 U.S.C. §§ 1692e(1), 1692f, and 1692g(a), the motion is GRANTED, and those claims are DISMISSED WITH PREJUDICE. Plaintiffs' other claims against S & D remain pending at this time.

MONROE, LOUISIANA, this 19th day of August, 2014.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[1]The Court is aware of S & D's arguments regarding the Fragalas' claim under 15 U.S.C. § 1692e(8), but finds that the argument is more appropriately addressed on summary judgment, rather than a motion to dismiss.