UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **EMILY FRANCES FRAGALA WYANT, ET AL.** | * | **CIVIL ACTION NO.  14-0422** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **NATIONSTAR MORTGAGE, LLC, ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

## MEMORANDUM ORDER

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to quash and associated request for fees and costs pursuant to Rule 45(c)(3)(A) [doc. # 46], filed by defendant Shapiro & Daigrepont, LLC ("S&D").  The motion is opposed.  For reasons explained below, the motion and associated request for fees and costs is GRANTED IN PART and DENIED IN PART, as further detailed below.[1]

### Background[2]

On January 12, 2015, plaintiffs Emily Frances Fragala Ivy Wyant, Inez Tannehill Fragala, and John Fragala (collectively, the "Fragalas") served S&D with a Rule 30(b)(6) deposition notice (styled as "Notice of Oral Deposition Duces Tecum to S&D . . ."), setting S&D's deposition for January 29, 2015.  (Notice of Oral Deposition; M/Quash, Exh. A).  The

---

[1] As this motion is not excepted within 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this order is issued under the authority thereof, and in accordance with the standing order of this court.  Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

[2] The circumstances of this case are documented in this court's June 10, 2014, Report and Recommendation [doc. # 27].  Accordingly, the instant factual summary is limited to the present discovery dispute.

notice also directed S&D to produce, at the deposition, copies of documents for some 24 itemized areas of inquiry. *Id*.

S&D construed the notice as a subpoena, and on January 22, 2015, filed the instant motion to quash pursuant to "Rule 45(c)(3)(A)" [sic].[3] *See* M/Quash. S&D urged three principal arguments in support of its motion: 1) the requested discovery is subject to attorney-client privilege; 2) the discovery is unduly burdensome, cumulative, and/or duplicative because plaintiffs seek documents that S&D answered pursuant to plaintiffs' previous documents request; and 3) the requested discovery is no longer relevant because it pertains to claims that were dismissed. (M/Compel, Memo., pg. 3).

On January 26, 2015, plaintiffs filed their opposition to the motion to quash. (Pl. Opp. Memo. [doc. # 49]). Plaintiffs observed initially that S&D filed their motion under the wrong rule because plaintiffs intended their "Notice of Oral Deposition Duces Tecum" to serve as a notice of 30(b)(6) deposition (and, apparently, a request to produce documents under Rule 34 ) – not a subpoena. Plaintiffs also contested the substance of S&D's motion, noting, *inter alia*, that S&D had not produced a privilege log, and therefore, plaintiffs did not know what documents S&D had withheld. (Pl. Opp. Memo., pg. 15). Moreover, contrary to S&D's representations, it did not produce all documents originally requested by plaintiffs in their July 22, 2014, Request for Production of Documents. Plaintiffs further maintained that none of their document requests pertained to dismissed claims. (Pl. Opp. Memo., pg. 16).

Plaintiffs' counsel also represented that counsel for S&D failed to meet and confer before filing the instant motion. (Pl. Opp. Memo., pg. 1). Since then, however, counsel had agreed to confer within "the next couple of days to try to resolve those objections/privilege assertions."

---

[3] Rule 45(c), however, does not include a subparagraph (3).

*Id.*, pg. 15.  Given the circumstances, the parties agreed to continue the deposition date, but by no more than seven days.  *Id.*, pg. 2.

On January 29, 2015, S&D filed a reply memorandum, re-urging most of its prior arguments.  (Reply Memo. [doc # 52]).  Specifically, S&D recited law regarding attorney-client privilege, offered to provide a privilege log, and agreed to make the documents available to the court for in camera review.  *Id*.  S&D also listed the claims that the court had dismissed.  *Id*.  S&D concluded by petitioning the court to issue a protective order that guarded its privileged documents from production and confirmed their confidentiality.  *Id*.

## Law

As an initial matter, the court emphasizes that, according to plaintiffs, they did not issue a subpoena, but solely a notice of deposition under Rule 30(b)(6), and apparently, a request to produce documents under Rule 34.[4]  Moreover, the word, "subpoena," does not appear in the notice.  On the other hand, S&D may have been led astray by plaintiffs' inclusion of "Duces Tecum" in the deposition notice.  The court will construe the precipitating document as a notice of Rule 30(b)(6) deposition and associated request for production of documents under Rule 34.  As a result, the court will construe S&D's motion as a motion for protective order.

Upon a showing of good cause, a court may issue an order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including [an order] . . . . specifying terms . . . for the disclosure or discovery . . . "  Fed.R.Civ.P. 26(c)(1)(B).  "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required."  *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 104

---

[4] Rule 30(b) provides that "[t]he notice to a party deponent may be accompanied by a request under Rule 34 to produce documents and tangible things at the deposition."  Fed.R.Civ.P. 30(b)(2).

S.Ct. 2199 (1984).

The party seeking the protective order must establish good cause for the entry of the order by making a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16, 101 S.Ct. 2193 (1981); *see also*, *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998).

Under Rule 34, "a party may serve on any other party a request within the scope of Rule 26(b) . . . to produce . . . any designated documents . . . or any tangible things" that are within the "party's possession, custody, or control . . ." Fed.R.Civ.P. 34(a)(1). Rule 26(b) provides, in turn, that

> [u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any **nonprivileged matter** that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence . . .

Fed.R.Civ.P. 26(b)(1) (emphasis added).

The courts understand the rule to provide for broad and liberal discovery. *See Schlagenhauf v. Holder*, 379 U.S. 104, 114-5 (1964); *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385 (1947). Nonetheless, the scope of discovery is limited by relevance, albeit "relevance" is to be broadly construed. *Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982). Ultimately, the relevance inquiry ends where it starts; i.e., the relevancy of a discovery request depends upon whether it is "reasonably calculated" to lead to admissible evidence. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 820 (5th Cir. 2004). If, however, a party does not have a viable claim on the theory of recovery that purports to support the need for the requested discovery, then the discovery is

not relevant. *Hawkins v. Cnty. of Lincoln*, Civ. A. No. 10-5001, 2013 WL 414442 (D. Neb. Jan. 31, 2013).

A party objecting to discovery "must state with specificity the objection and how it relates to the particular request being opposed . . ." *Reyes v. Red Gold, Inc.* 2006 WL 2729412 (S.D. Tex. Sept. 25, 2006) (citations omitted). In other words, to escape the production requirement, a responding party must interpose a valid objection to each contested discovery request. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (citation omitted). Conclusory objections that the requested discovery is "overly broad," "burdensome," "oppressive," and "irrelevant," do not suffice. *Id*.

## Analysis

I. **Attorney-Client Privilege**

It is axiomatic that the attorney-client privilege protects confidential communications "by a client to his attorney for the purpose of obtaining legal advice." *King v. University Healthcare System, L.C.* 645 F.3d 713, 720 (5th Cir. 2011). When a party refuses to produce documents otherwise discoverable by claiming that information contained in the documents is privileged, the party must: "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed — and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). In other words, "[a] party invoking the attorney-client privilege must establish: (1) that there was a communication between client and counsel; (2) the communication was intended to be confidential; (3) the communication was, in fact, kept confidential; and (4) **the communication was made for the purpose of obtaining or providing**

5

**legal advice.**" *Kidder v. Tidewater Marine, LLC*, Civ. Action No. 05-1152, 2007 WL 37954, at *1 n3 (W.D. La. Jan. 5, 2007) (citation omitted) (emphasis added). Moreover, "[a] party asserting a privilege exemption from discovery bears the burden of demonstrating its applicability." *In re Santa Fe Intern. Corp.*, 272 F.3d 705, 710 (5th Cir. 2001). A general allegation of privilege is insufficient to meet this burden. *See Nutmeg Insurance Co. v. Atwell, Vogel & Sterling*, 120 F.R.D. 504, 510 (W.D. La. 1988); *Saxholm AS v. Dynal, Inc.*, 164 F.R.D. 331, 333 (E.D. N.Y. 1996).

  Here, S&D did not produce a privilege log, and thus, has failed to establish that the requested documents are eligible for protection. Accordingly, within the next 14 days from the date of this order, S&D shall discern all responsive documents that it contends are privileged, and provide plaintiffs with a privilege log that, at minimum for each document or entry withheld on that basis, specifies: the date of the document or entry, the name of its author and recipient, the names of all people given or forwarded copies of the document or entry, the subject(s) of the document or entry, and the specific privilege asserted. *See Haensel v. Chrysler Corp.*, 1997 WL 537687 * 4 (E.D. La. 8/22/1997) (citing *Torres v. Kuzniasz*, 936 F. Supp. 1201(D. N.J.1996).[5] If after reviewing the log, plaintiffs believe that the documents are not privileged or that they are otherwise subject to disclosure, then plaintiffs may file a motion to compel (after first holding a Rule 37 conference). Thereafter, S&D will be required to provide the court with support and authority to establish all elements of its claim of privilege for each disputed document.[4]

---

  [5] If necessary, S&D should explain the positions held by the persons identified in the log and their relationship with S&D.

  [4] The court commends the following decisions for the parties' consideration, *Anchondo v. Anderson, Crenshaw & Associates, L.L.C.*, 256 F.R.D. 661, 671 72 (D. N.M. 2009);

6

## II. Unduly Burdensome, Cumulative, and/or Duplicative

S&D argues that plaintiffs' latest request for documents is unduly burdensome, cumulative, and/or duplicative because it seeks the same documents that plaintiffs requested in their July 2014 requests for production. *Compare* Req. for Prod. of Docs.; M/Quash, Exh. B. S&D represents that it answered the prior requests, and "as such, all documents requested are already in the possession of Plaintiffs." (M/Quash, Memo., pg. 3). The court agrees. S&D need not re-produce any documents that it previously produced to plaintiffs. S&D, however, did not specify which categories of documents it produced previously. *See* M/Quash, Exh. B. Accordingly, the parties shall confer and resolve the basis for this objection amongst themselves.

## III. Dismissed Claims

Citing the court's dismissal of some of plaintiffs' claims, S&D contends that it should not have to respond to any areas of questioning related to those dismissed claims because they are no longer relevant. Again, the court agrees, in principle, but that merely begs the question. S&D did not specify which discovery requests are no longer relevant. Presumably, however, at least some of the document requests pertain to plaintiffs' remaining FDCPA claims against S&D. Moreover, in response to plaintiffs' complaint, S&D invoked the bonafide error defense, which calls into question the procedures S&D enacted to avoid the alleged errors at issue in the case. *See Anchondo, supra*.

In other words, the court cannot resolve S&D's relevancy objection pursuant to the present record. To the extent that S&D maintains that any *specific* discovery request is no longer

---

*Hallmark v. Cohen & Slamowitz*, 300 F.R.D. 110, 112 13 (W.D. N.Y. 2014); *Torres v. Toback, Bernstein & Reiss LLP*, 278 F.R.D. 321, 322 (E.D.N.Y. 2012). If, after review, S&D maintains that the requested discovery is subject to the attorney-client privilege, it shall ensure that it enjoys a good faith argument for distinguishing the foregoing authority.

relevant and discoverable, it should so object in its written response(s) to plaintiffs. Thereafter, plaintiffs may file a motion to compel, if warranted, after conference with opposing counsel.

### IV.     Fees, Costs, and/or Expenses

The court generally must award reasonable expenses to the prevailing party on a motion to compel. Fed.R.Civ.P. 37(a)(5)(A).[5] The rule authorizes exceptions, however, for non-disclosures and responses that were substantially justified, or other circumstances that make an award unjust. *Id*. The rule further precludes an award for reasonable expenses when the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action. *Id*.

Here, given the no-more-than mixed relief obtained by movant, and its apparent failure to attempt to amicably resolve the matter before implicating the court, the undersigned is not inclined to assess costs, expenses, and/or fees.

### Conclusion

For the above-assigned reasons,

IT IS ORDERED that S&D's motion for protective order (styled as a "motion to quash") [doc. # 46] is hereby GRANTED IN PART, and that S&D's 30(b)(6) deposition is upset and continued until such time as the affected parties have resolved their dispute concerning document production. Toward that end,

IT IS FURTHER ORDERED that, within the next 14 days from the date of this order, S&D shall provide plaintiffs with written responses to their latest documents requests pursuant to Fed.R.Civ.P. 34(b)(2)(B)-(E), to include a privilege log for any responsive documents subject to the attorney-client privilege. Thereafter, after a discovery conference, and if warranted,

---

[5] Rule 37(a)(5) applies to a motion for protective order. Fed.R.Civ.P. 26(c)(3).

plaintiffs may file a motion to compel production of the disputed discovery.

IT IS FURTHER ORDERED that the motion [doc. # 46] including the associated request for fees, costs, and/or expenses, otherwise is DENIED.

In Chambers, at Monroe, Louisiana, this 4th day of February 2015.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE